[Civ. No. 437. Fourth Appellate District.—September 16, 1930.]

BANK OF ITALY NATIONAL TRUST & SAVINGS ASSOCIATION (a Corporation), Respondent, v. H. T. WOODWARD et al., Appellants.

H. T. WOODWARD et al., Appellants, v. BANK OF ITALY NATIONAL TRUST & SAVINGS ASSOCIATION (a Corporation) et al., Respondents.

A. Schoonover, E. V. Winnek and Rohe & Freston for Appellants.

No appearance for Respondents.

MARKS, J.—This is an appeal from a judgment on the pleadings. No formal appearance is made on behalf of the respondent, but a letter is on file in this court from the attorney who represented respondent in the court below, in which it is stated that no brief would be filed, as it was felt that there was technical merit to the appeal.

Respondent, the Bank of Italy National Trust & Savings Association, a corporation, filed its amended complaint,

stating two causes of action, against appellants. The first cause of action alleged a trust in the real property involved, with appellants as trustee for the use and benefit of the respondent bank. The second cause of action was in the usual form of an action to quiet title to the real property. Appellants secured an order from the court below permitting them to file a cross-complaint, bringing in several new parties as cross-defendants. They filed their answer to the amended complaint and their cross-complaint. Respondent made a motion for a judgment on the pleadings, which was granted, and judgment entered accordingly.

The first cause of action of respondent's amended complaint alleges that on or about October 3, 1924, one Sylvester Kipp was the owner in fee of the real property involved in the action, and that on or about said date he entered into a contract with appellants to sell the property to them and executed a grant deed conveying it to them, which contract and deed were placed in escrow with the Security Commercial & Savings Bank of San Diego, and that at the same time appellants executed and placed in escrow a quitclaim deed conveying the property back to Kipp with instructions that it be delivered to him upon the violation of any of the terms of the agreement of sale. It is not alleged that all of the purchase price of the property was paid to Kipp. It is further alleged in this cause of action that all of the money which was paid to Kipp on the purchase price of the property was paid, not by appellants, but by the Southern Trust & Commerce Bank, a corporation, and that a trust resulted in favor of the bank. It is further alleged that appellants agreed in writing to convey the real property to the Southern Trust & Commerce Bank upon demand, and that the respondent bank had succeeded to all of the interest of the Southern Trust & Commerce Bank in the property. Demand upon appellants for a conveyance of the property to respondent, and the refusal to so convey is also alleged.

The pleadings filed by appellants are far from models and it is somewhat difficult to determine just what interest, if any, they attempt to assert in the property. We think, however, we may fairly infer from their pleadings that appellants intend to allege that they hold the title to the property in trust for the use and benefit of some one or

more of the cross-defendants, other than respondent. They deny that respondent ever succeeded to the interest of the Southern Trust & Commerce Bank in the real property. It is recited in the judgment that all of the cross-defendants, except respondent and Sylvester Kipp, disclaimed any interest in it. If appellants were holding the legal title to the property for the use and benefit of Sylvester Kipp, the denial of the equitable title in the property asserted by respondent became a material issue, as well as Kipp's interest in it, if he possessed any. With these issues presented by the pleadings, we think that they should have been determined by the court after a trial, and that the court erred in granting a motion for judgment on the pleadings.

Judgment reversed.

Barnard, J., concurred.

Cary, P. J., deeming himself disqualified, did not participate herein.